UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAYLA GLOVER,<br>　　　　　Plaintiff,<br>　　v.<br>SANTA CLARA COUNTY, et al.,<br>　　　　　Defendants. | Case No. 22-cv-05496-NC<br><br>**PRETRIAL PREPARATION ORDER** |

A pretrial conference is scheduled for April 29, 2026.  A jury trial is scheduled to begin on May 11, 2026.  This order prepares for the trial.

**I.　MOTIONS IN LIMINE**

The parties must file their motions in limine by April 15, 2026, with responses due by April 22, 2026.  No party may file a reply without leave of Court.  The total number of pages each party submits for all motions and all responses must not exceed 15 pages.  While it is up to each party to decide how much space to allocate for their motions and how much for their responses, the parties must each stay within the 15-page limit (e.g., a party can allocate 9 pages for their motions and 6 pages for their responses).  The Court will hold a hearing on the motions in limine at the pretrial conference.

**II.　JOINT TRIAL READINESS BINDER**

The parties are ordered to provide the Court with two copies of a Joint Trial Readiness Binder.  The documents and binder are due by April 15, 2026, at 12:00 p.m. at

the San Jose Courthouse. The parties must also file a copy of the Joint Trial Readiness Binders in ECF. The Joint Trial Readiness Binders must each contain an index and copies of filed documents with an ECF header reflecting the item's docket number and filing date, including:

### A. Joint Statement of the Case

The parties must submit a jointly agreed-upon summary of the case, not to exceed one page. This statement of the case will be read to the jury at jury selection. If the parties cannot agree on a statement, each party must submit its own one-page statement.

### B. Proposed Order Re: Trial Stipulations

The Court expects that the parties will agree to a variety of stipulations regarding the conduct of the trial. A proposed order outlining all such stipulations must be presented to the Court.

### C. Witness Lists

The parties must submit an updated list of all witnesses likely to be called at trial (other than solely for impeachment or rebuttal), with a brief statement following each name describing the substance of the testimony to be given and a time estimate of the direct and cross examinations. This information must be presented in chart format and organized by party. Witnesses who will be testifying as experts should be identified as such and included in a separate expert witness list (see below).

### D. Expert Witness Lists

The parties must submit an updated list of all expert witnesses with a summary that clearly describes the expert's theories and conclusions, a curriculum vitae, and expert reports. Witnesses not included on the list may be excluded from testifying.

### E. Updated Exhibit Lists Annotated with Stipulations and Objections

The parties must submit an updated list of all documents and other items to be offered as exhibits at trial (other than solely for impeachment or rebuttal), with a brief description of each exhibit's contents and the identity of each sponsoring witness. As applicable, the exhibit list must specify whether the parties stipulate to admit the exhibit or

the grounds for any objections to the exhibit.  The exhibit list must also include an additional column so that the Court can track the date on which each exhibit is admitted.  Prior to submitting the list, the parties must meet and confer and attempt to stipulate as to the admissibility of each exhibit.  This information must be presented in chart format and organized numerically.

### F.  Updated List of Discovery Excerpts

The parties must list those excerpts from depositions, interrogatory answers, or responses to requests for admission (other than those solely for impeachment or rebuttal) likely to be used at trial.  Prior to submitting the list, the parties must meet and confer and attempt to resolve any disagreements regarding designations or counter-designations.  The parties must: (1) identify any remaining legal objections to the excerpts on the list itself, and (2) attach copies of the disputed excerpts in a separate appendix so that the Court can review the disputed materials.  The parties must provide a single proposed order with each disputed designation to enable the Court to rule on whether permission to use each excerpt is granted, granted with modification, or denied.

### G. Proposed Voir Dire and Jury Questions

The parties must include any proposed questions for the court-directed voir dire and a joint proposed jury questionnaire.  If any questions are contested, each party must state the basis for proposing or opposing the question.  In addition to including the proposed jury instructions in the binder, the parties must submit the proposed jury instructions in Word format to ncpo@cand.uscourts.gov by April 15, 2026.

### H. Proposed Verdict Form

The parties must include a joint proposed verdict form with the questions arranged in a logical sequence.  If the parties cannot agree on a verdict form, each party must submit its own proposed form.

### III. ELECTRONIC COPIES OF TRIAL DOCUMENTS

The parties must send ncpo@cand.uscourts.gov an electronic copy, in Word format, of the following documents listed above: (1) Proposed Order Re: Trial Stipulations, and (2) Proposed Order Re: Discovery Excerpts.

### IV. STIPULATIONS RE: ADMISSIBILITY

The parties must make a good faith effort to stipulate to exhibits' admissibility. If stipulation is not possible, the parties must make every effort to stipulate to authenticity and foundation absent a legitimate objection.

### V. EXHIBITS

Exhibits must be provided to the Court by April 15, 2026, at 12:00 p.m. at the San Jose Courthouse. The parties must provide two sets of exhibits in binders with exhibits marked, tabbed, and indexed. Exhibit binders may be delivered or mailed directly to Chambers in San Jose. The parties must coordinate with the Courtroom Deputy for other delivery.

Each exhibit in the binder must be pre-marked with an exhibit tag placed in the top right corner of the first page of a document. The exhibit tags must be a color other than white. A page of blank trial exhibit tags can be found on the Court's website. If an exhibit is a physical object (rather than a document), the parties should take a picture of the object and include the picture in the binder. Audio and video exhibits should only include those portions of the audio and video that the parties intend to offer into evidence.

Upon the conclusion of the trial, each party must retain its exhibit through the appellate process. It is each party's responsibility to make arrangements with the Clerk of Court to file the record on appeal.

#### A. Filing Exhibits After Trial

Pursuant to Civil Local Rule 5-1(g), the parties must electronically file all exhibits admitted during trial within ten days of a verdict. The parties should familiarize themselves with the various provisions of Local Rule 5-1(g), including the process for redacting any information prior to filing in accordance with Local Rule 79-5(d).

4

As to Local Rule 5-1(g)(4)'s provision for filing digital exhibits not supported by CM/ECF, the parties should submit one manual filing of a USB drive(s) with the digital exhibits to the Clerk's Office rather than upload the digital exhibits to an online location.

## VI.  SCHEDULING OF JURY SELECTION

The parties must notify the Court whether they wish to proceed with a jury or bench trial by April 15, 2026.  If the parties decide to proceed with a jury trial, the jury will be selected on May 11, 2026.  Opening statements will be on May 11, 2026, after jury selection.  The first witness will be called on May 12, 2026.

## VII.  TRIAL LIMITS

The Court anticipates giving each side a total of eleven (11) hours to present its case.  This includes all aspects of trial (e.g., objections, examinations) except jury selection.

## VIII.  MISCELLANEOUS

### A. Trial Transcripts

If a party wishes to order a trial transcript, the order must be placed by April 15, 2026.  Instructions on how to file a transcript order using Form CAND-435 are available at: www.cand.uscourts.gov/transcripts.

### B. Electronic Equipment

If a party wishes to use electronic equipment or other large items, the party must file a request and proposed order with the Court by April 15, 2026.  Equipment not provided by the Court must be tested in the courtroom prior to trial.  Arrangements may be made with the Courtroom Deputy, Lili Harrell, at (408) 535-5343.

### C. Jury Orientation Video

The Northern District of California requires potential jurors to watch an orientation video before they are sent to the courtroom for voir dire.  The Court encourages the parties to watch the orientation video at: https://www.cand.uscourts.gov/attorneys/unconscious-bias-video-for-potential-jurors/.

**D. Questions from Jury**

If the parties select a jury trial, the Court may give an instruction to allow questions from the jury in accordance with Ninth Circuit Model Instruction 1.15 ("Questions to Witnesses by Jurors").

**IT IS SO ORDERED.**

Dated: August 18, 2025

_____
NATHANAEL M. COUSINS
United States Magistrate Judge